UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                           :

MATEO NOE TAMBRIZ AJTZALAM,         :

                                   :

               Petitioner,       :             26-CV-483 (JMF)

                                   :

       -v-                        :        STAY OF REMOVAL
                                   :      AND NOTICE OF

KENNETH GENALO et al.,             :       <u>CONFERENCE</u>
                                   :     (IMMIGRATION CASES)

              Respondents.     :

                                   :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Petitioner has filed a Petition for the writ of habeas corpus under 28 U.S.C. § 2241.  Counsel for all parties shall appear for a conference with the Court on **January 21, 2026** at **10:00 a.m.**  The conference will be held remotely by telephone in accordance with Rule 3(B) of the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.  The parties should join the conference by calling the Court's dedicated conference line at (855) 244-8681 and using access code 2303 019 3884, followed by the pound (#) key. When prompted for an attendee ID number, press the pound (#) key again.

      Counsel should confer in advance of the conference and submit a joint letter, no later than **TODAY, January 20, 2026**, at **5:00 p.m** indicating whether the conference is necessary and addressing how the Court should handle the present Petition.  Counsel should also address in the letter — and be prepared to address at the conference, if it is held — the following:

(1) whether jurisdiction (or venue) is proper in the Southern District of New York given that Petitioner was arrested in Brooklyn and his current location is unknown.  *See* ECF No. 1, ¶¶ 4, 14; *see also, e.g.*, *Öztürk v. Hyde*, 136 F.4th 382, 390, 392 (2d Cir. 2025) (explaining that, "[g]enerally, [w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he must file the petition in the district of confinement and name his immediate custodian," who, as a default, is "the warden of the facility where the prisoner is being held" (internal quotation marks omitted)); *Khalil v. Joyce*, 771 F. Supp. 3d 268, 278-86 (S.D.N.Y. 2025) (finding that the Court lacked jurisdiction to adjudicate "core" immigration habeas claims where the petitioner was in New Jersey at the time of filing);

(2) if Respondents believe that Petitioner was *not* in the Southern District when the Petition was filed, whether the Respondents would consent to immediate transfer of the case to the District in which Petitioner was located at the time of filing.  *See, e.g.*, *Öztürk*, 136 F.4th at 391-92; *Khalil*, 771 F. Supp. 3d at 286-91; and

(3) if Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), whether Respondents believe there is any basis to distinguish this case from *Guzman*

*Cardenas v. Almodovar*, No. 25-CV-9169 (JMF), 2025 WL 3215573 (S.D.N.Y. Nov. 18, 2025), and, if not, whether Respondents would consent to issuance of the writ — subject to preservation of Respondents' arguments for appeal.

If counsel do not believe a conference is required, and that briefing is appropriate, counsel should propose a briefing schedule (expedited or otherwise) in the joint letter.

To preserve the Court's jurisdiction pending a ruling on the Petition, Petitioner shall not be removed from the United States absent further order of this Court. *See, e.g.*, *Khalil v. Joyce*, No. 25-CV-01935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g.*, *Du v. United States Dep't of Homeland Sec.*, No. 25-CV-644 (OAW), 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases."). Moreover, to preserve counsel's access to Petitioner and to facilitate resolution of the Petition, Respondents shall not transfer Petitioner except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court. *See, e.g.*, *Perez y Perez v. Noem*, No. 25-CV-4828 (DEH), 2025 WL 1908284, at *2-3 (S.D.N.Y. June 13, 2025) (enjoining a habeas petitioner's transfer pending adjudication of his petition); *see also, e.g.*, *Arostegui-Maldonado v. Baltazar*, No. 25-CV-2205-WJM-STV, 2025 WL 2280357, at *14-16 (D. Colo. Aug. 8, 2025) (same); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *8-9, *11 (N.D. Cal. Sept. 18, 2025) (same).

All counsel are required to register promptly as filing users on ECF. **All counsel must familiarize themselves with the Court's Individual Rules, which are available at http://nysd. uscourts.gov/judge/Furman.** Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

If this case has been settled or otherwise terminated, counsel are not required to file the aforementioned letter or appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference. The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

SO ORDERED.

Dated: January 20, 2026
     New York, New York

                                                JESSE M. FURMAN
                                            United States District Judge